UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-21639-CIV-MIDDLEBROOKS/JOHNSON

KELVIN RANCE,

    Plaintiff,

vs.

ROCK SOLID GRANIT USA, INC.

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Strike Defendant's Answer as Unauthorized Answer (D.E. #81). This matter was referred to the undersigned United States Magistrate Judge for report and recommendation by the Honorable Donald M. Middlebrooks, United States District Judge for the Southern District of Florida and is now ripe for judicial review. For the following reasons the undersigned respectfully recommends said Motion be denied.

***BACKGROUND***

The Original Complaint in this case consisted of three counts and was filed by the Plaintiff on June 9, 2008 (D.E. #1). Subsequently, after the Court set aside a default judgment and other facts and circumstances played out, Plaintiff amended his Complaint on November 23, 2009 to add a count for violation of Fla. Stat. §440.205 (D.E. #35). Thereafter, on February 25, 2010, Defendant timely filed a Motion to Dismiss Amended Complaint. On September 2, 2010 the District Court entered its Order Adopting in Part

1

Magistrate's Report and Recommendation, and in so doing granted in part and denied in part Defendant's Motion to Dismiss as it related to Plaintiff's Amended Complaint. (D.E. # 71).  As Plaintiff alleges and Defendant does not disagree, the effect of this ruling was to give Defendant fourteen (14) days from the September 2, 2010 date, or until approximately September 16, 2010, in which to file its Answer and Affirmative Defenses. *See* Fed. R. Civ. P. 12(a)(4)(a).  As a result of what Defendant alleges to have been excusable neglect, Defendant failed to file its Answer and Affirmative Defenses timely, and instead filed same approximately one month late on October 15, 2010. (D.E. #78).  By the instant Motion, Plaintiff moves for an order striking Defendant's Answer and Affirmative Defenses as untimely and, while his Motion doesn't state as much, presumably granting judgment in his favor.

### *LEGAL ANALYSIS*

Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure provides the Court with discretion to extend time limits or deadlines "on motion made after the time has expired if the party failed to act because of excusable neglect." *Id*. In determining whether a motion to extend deadlines under Rule 6(b)(1)(B) should be granted, the court is instructed to consider the following four factors: (1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within reasonable control of the movant; and (4) whether the movant acted in good faith.  *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S.  380, 395 (1993); *Glover v. City of Pensacola*, 372 Fed. Appx. 952, 955 (11th Cir. April 14, 2010).

In the instant case, each of these factors weighs solidly in favor of the Defendant.

Trial in this case is not scheduled until July 2011 and at this point only the first of the several deadlines in effect has passed. Accordingly, no prejudice to Plaintiff will result from the Court granting Defendant's request for an extension. As for the length of the delay, which in this instance was merely one month, the Court agrees with Defendant that such a relatively short delay under the circumstances here presented has no potential impact on the instant judicial proceedings. The Court next considers the reason for the delay. In its pleadings Defendant's counsel has taken full responsibility for the delay, explaining that it was occasioned by a rare breakdown in the filing and docketing system of his office. As the oft-quoted expression goes, "to err is human." Applying this expression to the facts at hand and taking into account Defense counsel's sworn statement filed simultaneously with the response (D.E. #87) that his failure to timely file was completely unintentional, the Court finds that not only is the reason for defense counsel's delay sufficient under the circumstances to fulfill the third consideration, but fulfills the fourth consideration as well by demonstrating that the delay was not the result of any bad faith.

### *CONCLUSION*

In conclusion, the Court recommends that Defendant's Response Brief (D.E. #87) be viewed as a *nunc pro tunc* motion to extend time to file an answer and affirmative defenses and be granted and that Plaintiff's Motion to Strike Defendant's Answer as Unauthorized Answer be denied on the basis that Defendant's failure to file timely was not motivated by bad faith but instead the result of inadvertence and inexcusable neglect sufficient for purposes of Fed. R. Civ. P. 6(b)(1)(B). In accordance with the above and foregoing, it is hereby respectfully

**RECOMMENDED** that Plaintiff's Motion to Strike Defendant's Answer as

3

Unauthorized Answer (D.E. #81) be **DENIED**.  The parties have fourteen (14) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Donald M. Middlebrooks, United States District Judge for the Southern District of Florida.  Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein.  *Resolution Trust Corp. v. Hallmark Builders*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745, 749 (11th Cir. 1988).

**RESPECTFULLY SUBMITTED,** on this 9th day of February, 2011, in Chambers at West Palm Beach, Florida.

_____
LINNEA R. JOHNSON
UNITED STATES MAGISTRATE JUDGE

CC:  The Honorable Donald M. Middlebrooks
     All Counsel of Record
     *Pro Se* Plaintiff