UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-21369-CIV-MIDDLEBROOKS/JOHNSON



KELVIN RANCE,
    Plaintiff,

v.

ROCKSOLID GRANIT USA, INC.,
    Defendant.
_____/

### ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER (DE 81) AND PLAINTIFF'S MOTION TO ADJUDICATE DEFENDANT IN DEFAULT FOR FILING UNTIMELY ANSWER AND AFFIRMATIVE DEFENSES (DE 115)

THIS CAUSE is before the Court upon Plaintiff's Motion to Strike Defendant's Answer as Unauthorized Answer (DE 81) ("Motion to Strike"), filed on October 27, 2010, and Plaintiff's Motion for the Judge Adjudicating the Defendant in Default for Failure to Timely File an Answer or Timely File Affirmative Defenses (DE 115) ("Motion to Adjudicate Defendant in Default"), filed on February 28, 2011. This matter was referred to the Honorable United States Magistrate Judge Linnea R. Johnson, and a Report and Recommendation ("Report") (DE 109) issued on February 9, 2011, recommending that Plaintiff's Motion to Strike be denied. Specifically, Judge Johnson concluded that Defendant's failure to timely file its answer and affirmative defenses was the result of excusable neglect[1] under Federal Rule of Civil Procedure 6(b)(1)(B),[2] and recommended that Defendant's untimely Response Brief (DE 87) be construed as a *nunc pro tunc* motion to extend time to file, and that such motion be granted. (DE 109 at 3).

---

[1] Judge Johnson writes that "Defendant's failure to file timely was not motivated by bad faith but instead the result of inadvertence and inexcusable neglect sufficient for purposes of Fed. R. Civ. P. 6(b)(1)(B)." (DE 109 at 3). I believe Judge Johnson meant "excusable," not "inexcusable," based on her foregoing analysis and the context of this particular sentence, and treat this inconsistency as a mere typographical error.

[2] A court may extend the time to file "on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B).

1

Plaintiff, who instituted this action *pro se*, submitted his Objections (DE 114) on February 28, 2011, arguing that Defendant's untimely filing was not the result of issues beyond the Defendant's control, and therefore was not the result of excusable neglect. (DE 114 at 8). Plaintiff also submitted his Motion to Adjudicate Defendant in Default (DE 115), which contains identical arguments and is largely duplicative of Plaintiff's filed Objections. I have considered Plaintiff's arguments and objections, reviewed the record, and am otherwise advised in the premises.

The Court agrees with Judge Johnson's findings and conclusion. For the reasons stated in the Report, and upon an independent *de novo* review of the file, it is hereby

**ORDERED AND ADJUDGED** that United States Magistrate Judge Johnson's Report (DE 109) is **RATIFIED, ADOPTED, AND APPROVED** in its entirety. It is further

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike Defendant's Answer as Unauthorized Answer (DE 81) is **DENIED**. Likewise, Plaintiff's Motion for the Judge Adjudicating the Defendant in Default for Failure to Timely File and Answer or Timely File Affirmative Defenses (DE 115) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this ___ day of March, 2011.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:   Magistrate Judge Johnson;
All Counsel of Record;
*Pro se* Plaintiff, Kelvin Rance